OPINION
Defendant Charles S. Paulsen appeals a judgment of the Court of Common Pleas, Domestic Relations Division, of Fairfield County, Ohio, which overruled his objections to the magistrate's decision and adopted the magistrate's decision as the order of the court. Appellant appears pro se and does not formally state assignments of error in his brief. App.R. 16 (A) sets forth the requirements of an appellant's brief, and this appellant's brief does not comply with the rule. Although this is grounds for dismissal, we prefer to address the matter on its merits. The record indicates appellant and plaintiff Lori J. Paulsen were married for approximately two years, and produced one child. The parties entered into a shared parenting plan which provided the child would reside with appellee, with liberal companionship of appellant. The divorce decree required appellant to pay $50 per week for child support. The divorce decree was filed on March 5, 1997. In June of 1999, appellant filed a motion for contempt, a motion for custody, and other relief. Appellant alleged appellee had moved from her residence without informing the appellant and the court of the change of address, and had refused to permit appellant to visit with the child. Appellant requested the shared parenting plan be terminated and appellant be designated as the residential parent of the child. The matter was referred to a magistrate, who conducted a hearing, and filed a decision recommending the trial court retain the shared parenting plan without modification. The magistrate also denied the contempt filed by the appellant and ordered him to pay court costs. The trial court overruled appellant's objections to the magistrate's decision, and appellant appealed. Appellant cites us to his objections and supplemental objections to the magistrate's decision, and suggests he still advances all the arguments as put forth to the trial court. In general, appellant objects to the psychological reports prepared by Dr. William Friday, and Dr. Rapaport, including their incompleteness, inadequacy, lateness, and improper procedures. Appellant objects to the guardian ad litem' s testimony at trial, and the magistrate's demeanor regarding the guardian ad litem. Appellant urges there were numerous delays in the court hearings, and urges the magistrate was biased against appellant such that he could not receive a fair trial. Appellant also argues both the trial court and the magistrate should have addressed appellee's alcohol abuse problems. We have reviewed the record, and we find appellant objected to Dr. Rapaport's report as being irrelevant. In response, the magistrate found the court could review the report with the understanding it was prepared without both parties' participation. Appellant objected to the report of Dr. Friday on the grounds Dr. Friday called him "a crazy son-of-a-bitch" and thus appellant had a good reason not to cooperate with Dr. Friday. The magistrate accepted Dr. Friday's report over the objections, and permitted the guardian ad litem to testify regarding the contents of the report. We find the record was fully developed regarding the preparation of these reports and the context surrounding the weight that should be given them, and we find it was not error for the trial court to admit them on that basis. We have reviewed the record regarding the testimony of the guardian ad litem and we find no error sought in the manner in which the magistrate conducted himself. We further find it was not error for the trial court to permit the guardian ad litem to include in his testimony certain aspects of the psychologist's reports. The trial court's judgment, entered March 7, 2000, finds appellant's objections are not substantial and are not sufficient to modify or set aside the magistrate's decision. The trial court found no change of circumstances since the time the parties agreed to this shared parenting plan. Our review of the record leads us to conclude the trial court was correct in these findings.
For the foregoing reasons, the judgment of the Court of Common Pleas, Domestic Relations Division, of Fairfield County, Ohio, is affirmed.
Gwin, P.J., Hoffman, J., and Wise, J., concur